[Cite as *In re J.M.*, 2023-Ohio-1390.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN RE: J.M. | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| | : | Case No. 22CA010 |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Holmes County Court
of Common Pleas, Juvenile Division

JUDGMENT:                                        AFFIRMED

DATE OF JUDGMENT ENTRY:          April 26, 2023

APPEARANCES:

For Plaintiff-Appellee:                          For Defendant-Appellant:

ROBERT K. HENDRIX                         JACQUELYN M. DOSSI
HOLMES CO. PROSECUTOR               Johnson, Helmuth, Miller & Dossi
164 E. Jackson St.                             343 S. Crownhill Road, P.O. Box 149
Millersburg, OH 44654                        Orrville, OH 44667

*Delaney, J.*

{¶1} Appellant S.M. ("Grandmother") appeals from the October 24, 2022 Judgment Entry of the Holmes County Court of Common Pleas, Juvenile Division granting permanent custody of her grandchild J.M. to appellee Holmes County Children's Services ("Agency").

## FACTS AND PROCEDURAL HISTORY

{¶2} J.M. was born on August 26, 2015, to Mother and Father. The trial court granted custody of the child to the Agency while the infant was still in the hospital following his birth.

{¶3} Appellant paternal Grandmother moved the court for legal custody of J.M., which was granted after Mother and Father failed to complete case plan services. Grandmother was identified as J.M.'s legal guardian and completed a statement of understanding.

{¶4} Grandmother did not file a motion for legal custody of J.M. and has not done so throughout the pendency of the case.

{¶5} On November 17, 2020, the Agency filed a complaint alleging J.M. was an abused, neglected, and/or dependent child due to actions of Grandmother. The complaint named the biological parents, Mother and Father, as well as Grandmother.

{¶6} At the initial hearing on November 25, 2020, the trial court granted temporary custody to the Agency. Grandmother had supervised visitation with the child as his prior legal custodian.

{¶7} On February 3, 2021, the trial court conducted an adjudicatory hearing and found J.M. to be a neglected child due to the actions of Grandmother. The trial court

dismissed the remaining counts and proceeded to immediate disposition, ordering temporary custody to remain with the Agency. The trial court appointed a guardian ad litem to make reports and recommendations as to J.M.'s best interest with regard to Mother, Father, and Grandmother. The trial court ordered case plan services as to Grandmother and Mother.

{¶8} On December 29, 2021, the Agency filed a motion for permanent custody of J.M. due to Grandmother's positive drug screens and mental health concerns.

{¶9} On October 24, 2022, the trial court heard the motion for permanent custody. Mother consented to permanent custody to the Agency; Father was not present but his counsel stated Father would effectuate a voluntary permanent surrender. The trial court scheduled a hearing on the voluntary permanent surrender within 72 hours.

{¶10} At the October 24, 2022 hearing, Grandmother stated her intent to pursue legal custody of J.M. and requested a full hearing, which was denied. In its October 24, 2022 Judgment Entry, the trial court found it had no authority to consider Grandmother as a potential legal custodian for J.M. because she did not have a pending motion for legal custody at the time of disposition. The trial court denied Grandmother's request for a full hearing.

{¶11} Grandmother appealed from the trial court's Judgment Entry of October 22, 2022.

{¶12} On December 13, 2022, the Agency filed a motion to dismiss, arguing the instant appeal was not taken from a final appealable order. Grandmother responded to the motion to dismiss on February 2, 2023. We took the motion under advisement.

{¶13} Contemporaneous with this opinion, we have overruled the motion to dismiss via judgment entry and we therefore proceed with Grandmother's appeal on the merits.

{¶14} Grandmother raises two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶15} "I. THE TRIAL COURT ERRED IN DENYING APPELLANT A HEARING ON THE AGENCY'S MOTION TO MODIFY DISPOSITION FROM TEMPORARY CUSTODY TO PERMANENT CUSTODY FINDING O.R.C. 2151.353 PRECLUDED THE COURT FROM CONSIDERING HER IN DISPOSITION OF LEGAL CUSTODY."

{¶16} "II. THE TRIAL COURT ERRED IN FINDING APPELLANT WAS PRECLUDED FROM SEEKING LEGAL CUSTODY OF THE MINOR CHILD FOR FAILURE TO FILE A WRITTEN MOTION FOR LEGAL CUSTODY."

**ANALYSIS**

**I., II.**

{¶17} Grandmother's two assignments of error are related and will be considered together. She argues the trial court erred in denying a hearing on the permanent custody motion and in ruling she was precluded from seeking legal custody of J.M. due to her failure to file a motion for legal custody  We disagree.

{¶18} The issue posed by this appeal is whether Grandmother had standing to demand a hearing on the Agency's motion for permanent custody when she failed to file a motion for legal custody of J.M. R.C. 2151.353(A)(3) provides for legal custody by a relative non-parent and states in pertinent part:

If a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition:

* * * *.

Award legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the child or is identified as a proposed legal custodian in a complaint or motion filed prior to the dispositional hearing by any party to the proceedings. A person identified in a complaint or motion filed by a party to the proceedings as a proposed legal custodian shall be awarded legal custody of the child only if the person identified signs a statement of understanding for legal custody that contains at least the following provisions:

(a) That it is the intent of the person to become the legal custodian of the child and the person is able to assume legal responsibility for the care and supervision of the child;

(b) That the person understands that legal custody of the child in question is intended to be permanent in nature and that the person will be responsible as the custodian for the child until the child reaches the age of majority. Responsibility as custodian for the child shall continue beyond the age of majority if, at the time the child reaches the age of majority, the child is pursuing a diploma granted by the board of education or other governing authority, successful completion of the curriculum of any high school, successful

completion of an individualized education program developed for the student by any high school, or an age and schooling certificate. Responsibility beyond the age of majority shall terminate when the child ceases to continuously pursue such an education, completes such an education, or is excused from such an education under standards adopted by the state board of education, whichever occurs first.

(c) That the parents of the child have residual parental rights, privileges, and responsibilities, including, but not limited to, the privilege of reasonable visitation, consent to adoption, the privilege to determine the child's religious affiliation, and the responsibility for support;

(d) That the person understands that the person must be present in court for the dispositional hearing in order to affirm the person's intention to become legal custodian, to affirm that the person understands the effect of the custodianship before the court, and to answer any questions that the court or any parties to the case may have.

{¶19} In the instant case, Grandmother signed a statement of understanding upon becoming J.M.'s legal custodian, and she was named in the Agency's complaint for abuse, neglect, and/or dependency as J.M.'s legal custodian. Grandmother does not dispute that she failed to file a motion for legal custody of J.M., but argues the goal of case plan services was her reunification with J.M. Therefore, Grandmother asserts the

trial court should have amended the dispositional order upon her motion as an interested party pursuant to R.C. 2151.353(E)(2).

{¶20} In the absence of a motion for legal custody, we find no procedural tool the trial court could have used to grant Grandmother's request. Nor does Grandmother point to any such tool or authority in support of her position.

{¶21} Grandmother acknowledges our decision in *In re M.C.*, 5th Dist. Stark No. 2020CA00049, 2020-Ohio-4372, at ¶ 38, in which we found that a grandmother with legal custody does not have the same legal status as a parent in a permanent-custody proceeding. Grandmother argues that because she was an integral part of the instant case, "the procedural formality of filing for legal custody should not have barred her from a determination of [J.M.'s] best interest." Brief, 9. In *M.C.*, however, we noted it was the grandmother's burden to present evidence in support of her motion for legal custody showing the child's best interests would be served by granting the motion. *Id.* In the instant case, absent a motion, there is simply no means of accomplishing Grandmother's purpose if she fails to file a motion.

{¶22} We further note the trial court necessarily delayed the permanent custody determination for three days to permit Father's request for permanent surrender. Even if Grandmother somehow misunderstood her position in the proceedings up until that point, she was placed on notice that no hearing could be granted solely upon her oral motion for legal custody. We have no explanation, and Grandmother does not offer one, why she did not file a motion for legal custody at that time.

{¶23} As the Agency points out, a parent's due process protections are violated if a trial court grants a party's oral motion to award legal custody to a non-relative without

requiring a written motion to be filed by that relative pursuant to R.C. 2151.353(A)(3). *Matter of Barcelo*, 11th Dist. Geauga No. 97-G-2071, 1998 WL 553165, *8, citing *In re Fleming*, 8th Dist. No. 63911, unreported, 1993 WL 277186 (July 22, 1993). The importance of filing the motion for legal custody cannot be overstated because it is the procedural means allowing the trial court to consider the non-parent's evidence. In the instant case, in the absence of the motion, the trial court properly proceeded to disposition.

{¶24} Grandmother's two assignments of error are overruled and the judgment of the Holmes County Court of Common Pleas, Juvenile Division is affirmed.

## CONCLUSION

{¶25} Grandmother's two assignments of error are overruled and the judgment of the Holmes County Court of Common Pleas is affirmed.

By: Delaney, J.,

Gwin, P.J. and

Baldwin, J., concur.